DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Michael Morgan appeals his conviction for domestic violence after a bench trial in Akron Municipal Court. This Court affirms.
On October 1, 1998, Michael Morgan and his wife Charlotte got into an argument, and Morgan tried to physically restrain Charlotte and force her back into their car. Charlotte filed a complaint of domestic violence, in violation of R.C. 2919.25(A). After a bench trial on December 15, 1998, Morgan was convicted and was given a ninety-day extension of his probation. Morgan filed the instant appeal, assigning one error.
ASSIGNMENT OF ERRORS [sic]
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT LOST ITS WAY AND CREATED A MANIFEST MISCARRIAGE OF JUSTICE WHEN [IT] FOUND DEFENDANT-APPELLANT GUILTY OF DOMESTIC VIOLENCE WITHOUT PROOF OF INJURY OR INTENT TO INJURE.
Morgan's assignment of error challenges the verdict based on both the sufficiency of the evidence and the manifest weight of the evidence. We disagree with both assertions, for the reasons stated below.
A review of the weight of the evidence determines whether the state has met its burden of persuasion. State v. Angle (June 2, 1999), Medina App. No. 2875-M, unreported, at 7, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). This Court has observed that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Because this Court finds that the conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction.
 When an appellate court reviews the weight of the evidence [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. "Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will an appellate court reverse and order a new trial." State v. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported, at 9.
In order to prevail on the domestic violence charge, the prosecution had to prove beyond a reasonable doubt that Morgan (1) knowingly (that is, with an awareness "that his conduct [would] probably cause a certain result or [would] probably be of a certain nature," R.C. 2901.22(B)) caused, or (2) attempted to cause (3) physical harm (4) to Charlotte who is a member of his family or household. R.C. 2919.25(A). Physical harm to a person is defined as "any injury * * * regardless of its gravity or duration." R.C. 2901.01(A)(3). Morgan asserts that there was no evidence of physical harm. Thus, he argues that the State could prevail only on the "attempt" prong, which must also fail because Morgan did not intend to cause physical harm. We disagree.
At trial, the following evidence was presented. Morgan, Charlotte and their three children were on their way to the cemetery on October 1, 1998 to put flowers on the grave of Charlotte's young daughter who had died a year earlier. During the car trip, Morgan became upset and the couple began arguing. The arguing continued as they drove, and Charlotte became so upset she wanted to exit the vehicle. Morgan finally pulled the car over near a Jeep dealership, and told Charlotte to get out. After Charlotte exited the vehicle, Morgan changed his mind and got out of the car to pursue her.
One eyewitness testified that she heard Charlotte screaming, "He's killin' me, help, help, help." When the woman approached, she saw that Morgan was choking Charlotte with "both hands around her neck." The witness testified that the choking lasted a couple of minutes. Another witness also testified that before she called the police, she saw Morgan with "his hands around the woman's throat * * * I [saw] him slap her once." Both women testified that Morgan pinned Charlotte against the car. The defense tried to establish that the women's view of the scene was impeded, but throughout cross-examination, both women continued to insist that they had a clear view of Morgan choking Charlotte. The women and a third eyewitness testified that the physical altercation lasted ten to fifteen minutes.
The responding officer testified that when he examined Charlotte just after he arrived at the scene, Charlotte had a red mark on her neck as well as a cut just below her nose. The officer testified that when he first interviewed Charlotte at the scene, she told him that Morgan had grabbed her by the throat and pushed her up against the car. The officer testified that he noticed that Charlotte's initial written statement did not state that Morgan had choked her and thrown her against the car. The officer then asked Charlotte if Morgan choked her and threw her against the car, as she initially reported to him. Charlotte said that he had. The officer advised her to include this information in her statement, which she did.
Charlotte testified that Morgan had not choked her. However, Charlotte acknowledged that she sustained a "scratch" on her face which was bleeding. Charlotte's written statement to police said that Morgan "threw me up against the car and put his hands on my throat." Charlotte testified that she added this statement because the officer told her other eyewitnesses saw the choking and she should add it to her report. When asked if he had told Charlotte to conform her statement to those of eyewitnesses, the officer denied this, adding that the written statements of the other witnesses were still being taken at the time.
Morgan testified in his own defense. He testified that he did not intend to hurt Charlotte. Morgan testified that he did grab Charlotte's wrist, and that twice he pushed her up against the car. He acknowledged that it was possible that he had his hands over her mouth. He denied choking or slapping her.
The manifest weight of the evidence supports the finding that Morgan did cause physical harm to Charlotte, namely the cut on her face and the choking. Thus, the State needed only to prove that he caused the injury with an awareness "that his conduct [would] probably cause a certain result or [would] probably be of a certain nature." R.C. 2901.22(B). Morgan's ongoing physical assault of Charlotte, testified to by three independent eyewitnesses, was of such a nature that it was reasonable for the trier of fact to conclude that Morgan's actions were done with an awareness that they would probably cause physical injury.
The evidence below does not clearly weigh in favor of the defendant. We cannot say that the trial court clearly lost its way or that a manifest miscarriage of justice resulted. We overrule Morgan's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
SLABY, J., CARR, J., CONCUR.